**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **DAKOTA LANE COATS and** | § | |
| **ROBERTA GAYNELLE HILL,** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. 4:21-cv-740** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **MIES & SONS TRUCKING, LLC** | § | |
| **and CARL J. COLE,** | § | |
| | § | |
| **Defendants.** | § | |

---

### DEFENDANT CARL J. COLE'S NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. § 1441 and Local Rule CV-81, Defendant Carl J. Cole hereby removes to this Court the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), Defendant sets forth the following "short and plain statement of the grounds for removal."

### A.
### THE REMOVED CASE

1.      The removed case is a civil action first filed with the 62nd Judicial District Court of Hopkins County, Texas on August 6, 2021 styled *Dakota Lane Coats and Roberta Gaynelle Hill v. Mies & Sons Trucking, LLC and Carl J. Cole* under Cause No. CV44779. The case arises out of a purported motor vehicle incident on May 24, 2020 on Interstate 30 in Cumby, Hopkins County, Texas involving Dakota Lane Coats ("Coats") and Roberta Gaynelle Hill ("Hill") (collectively, "Plaintiffs") and Defendant Carl J. Cole ("Cole") (the "Incident"). Plaintiffs allege that Cole was

---

"operating a commercial vehicle, leased, and/or controlled by Defendant Mies & Sons Trucking, LLC" and Cole "failed to maintain a single lane and struck Plaintiffs' vehicle."[1]

## B.
## DOCUMENTS FROM REMOVED ACTION

2.     Pursuant to Local Rule CV-81, Defendant attaches the following documents to this Notice of Removal:

(a)     A list of all parties in the case, their party type and current status;

(b)     A civil cover sheet and certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a);

(c)     A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

(d)     A record of which parties have requested trial by jury; and

(e)     The name and address of the court from which the case is being removed.

The aforementioned documents are attached to this Notice of Removal as ***Exhibit A.*** Additionally, Defendant is simultaneously filing a separately signed Disclosure Statement that complies with Federal Rule of Civil Procedure 7.1.

---

[1] *See*, "Plaintiffs' Original Petition" at p. 3, ¶ 11, a true and correct copy of which is produced herein.

---

**DEFENDANT CARL J. COLE'S NOTICE OF REMOVAL**

## C.
## REMOVAL IS TIMELY

3.      Plaintiffs filed the present civil suit against Defendant Cole and Defendant Mies & Sons Trucking, LLC ("Mies & Sons") (collectively, "Defendants") in the 62nd Judicial District Court of Hopkins County, Texas (the "State Court Action") on August 6, 2021. Plaintiffs served Defendant Cole with the Original Petition (the "Petition") on August 27, 2021.[2]  In the Original Petition, Plaintiffs assert negligence causes of action against Defendants, including an claim of gross negligence claims and alleging that Mies & Sons is vicariously liable for Cole's alleged negligence, based on the Incident. Defendants timely filed an Original Answer on September 17, 2021.

4.      Defendant Cole has filed this Notice of Removal within thirty days after receiving papers indicating that the present lawsuit was filed in the Hopkins County court, and subsequently became removable to the United States District Court for the Eastern District of Texas. Defendant Cole, therefore, contends that this removal is timely made.

## D.
## VENUE IS PROPER

5.      The United States District Court for the Eastern District of Texas is the only proper venue for the removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the 62nd Judicial District Court of Hopkins County, Texas, is located

---

[2] Defendant Mies & Sons Trucking, LLC has not been served.

within the jurisdiction of the United States District Court for the Eastern District of Texas, Sherman Division.

## E.
## DIVERSITY OF CITIZENSHIP EXISTS

6.      This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

7.      As admitted in the Original Petition, Plaintiffs are both residents of Texas.[3] In determining diversity jurisdiction, the state where someone establishes his domicile serves as a dual function as his state of citizenship."[4] Therefore, Defendant contends that Plaintiffs were both domiciled in, and were both citizens of Texas at the time Plaintiffs' Original Petition was filed in the Hopkins County court.

8.      Defendant Cole is an individual and resident of Kansas. Cole resides at 1326 Arthur St., Hutchinson, Reno County, Kansas 67501.

9.      Defendant Mies & Sons is a foreign limited liability corporation with its primary place of business at 19620 W 85th North, Colwich, Sedgwick County,  Kansas 67030. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is not a citizen of the State of Texas.

10.      Because Plaintiff is a citizen of the State of Texas and Defendants are not, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

## F.

---

[3] *See* Plaintiffs' Original Petition at p. 1, ¶¶ 2-3.
[4] *See, Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

11.     In the Original Petition, Plaintiffs affirmatively state that they "suffered severe injuries" including past and future medical expenses, physical pain and suffering, mental anguish, physical impairment, disfigurement, the "cost of medical monitoring and prevention in the future," and exemplary damages.[5] Plaintiffs' Rule 47 statement indicates that they seek "monetary relief over $1,000,000."[6] Notably, Plaintiffs' Prayer notes they seek "damages in an amount within the jurisdictional limits of the Court; together with exemplary damages; pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which the Court determines Plaintiffs may be entitled at law or in equity."[7] Viewing the Petition in its totality including Plaintiffs' Rule 47 statement, allegation of "severe" injuries, and request for exemplary damages, Plaintiffs certainly seek damages in in excess of $75,000.

### G.
### FILING OF REMOVAL PAPERS

12.     Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the Clerk of the 62nd Judicial District Court of Hopkins County, Texas, in which this action was originally commenced.

---

[5] *See* Plaintiff's Original Petition at pgs. 7-8, ¶ 27.
[6] *Id*. at p. 8, ¶8.
[7] *Id*. at p. 9.

---

# H.
## C<small>ONCLUSION</small>

13.     Defendant hereby removes the above-captioned action from the 62nd Judicial District Court of Hopkins County, Texas, and requests that further proceedings be conducted in the United States District Court for the Eastern District of Texas, Sherman Division, as provided by law.

Respectfully submitted,

**MAYER LLP**
750 N. Saint Paul, Suite 700
Dallas, Texas 75201
214-379-6900 / Fax 214-379-6939

By: */s/ Charles Carter*
    Zach T. Mayer
    State Bar No. 24013118
    zmayer@mayerllp.com
    Jason Wilkes
    State Bar No. 24093368
    jwilkes@mayerllp.com
    Charles "Chas" Carter
    State Bar No. 24095983
    ccarter@mayerllp.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on September 24, 2021, a true and correct copy of the foregoing has been forwarded to Plaintiffs' counsel as follows:

**Via ECF:**
Ryan H. Zehl
Matthew O. Greenberg
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
rzehl@zehllaw.com
mgreenberg@zehllaw.com

*/s/ Charles Carter*
Charles Carter

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **DAKOTA LANE COATS and** | § | |
| **ROBERTA GAYNELLE HILL,** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. 4:21-cv-740** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **MIES & SONS TRUCKING, LLC** | § | |
| **and CARL J. COLE,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT CARL J. COLE'S
### INDEX OF MATTERS BEING FILED

Defendant Carl J. Cole, files this Index of all documents filed in the State Court Action:

(1) Case Docket Sheet in State Court Action;

(2) Plaintiff's Original Petition filed August 6, 2021;

(3) Affidavit of Service on Carl J. Cole filed September 8, 2021; and

(4) Defendants' Answer to Plaintiff's Original Petition filed September 17, 2021.

Respectfully submitted,

**MAYER LLP**
750 N. Saint Paul, Suite 700
Dallas, Texas 75201
214-379-6900 / Fax 214-379-6939

By: */s/ Charles Carter*
    Zach T. Mayer
    State Bar No. 24013118
    zmayer@mayerllp.com
    Jason Wilkes
    State Bar No. 24093368
    jwilkes@mayerllp.com
    Charles "Chas" Carter
    State Bar No. 24095983
    ccarter@mayerllp.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on September 24, 2021, the foregoing *Index of Matters Being Filed* was electronically filed, as required by the United States District Court for the Eastern District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following, who are indicated to be registered ECF filers in the United States District Court for the Eastern District of Texas:

**Via ECF:**

Ryan H. Zehl
Matthew O. Greenberg
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
rzehl@zehllaw.com
mgreenberg@zehllaw.com

                    */s/ Charles Carter*
                    Charles Carter

# Exhibit 1

CASE # CV44779                                    COURT: 62ND JUDICIAL DISTRICT                    09/24/2021
CAUSE: INJURY OR DAMAGE WITH MV
STYLE: DAKOTA LANE COATS AND              VS MIES & SONS TRUCKING, LLC
       ROBERTA GAYNELLE HILL                 AND CARL J. COLE

                                         PLAINTIFF

NAME _____                    ATTORNEY _____

COATS,DAKOTA LANE              P                          GREENBERG,MATTHEW
                                                         2700 POST OAK BLVD.
                                                         SUITE 1000
'                                                        HOUSTON, TX 77056
    -    -                                               713-491-6064

HILL,ROBERTA GAYNELLE          P                          GREENBERG,MATTHEW
                                                         2700 POST OAK BLVD.
                                                         SUITE 1000
'                                                        HOUSTON, TX 77056
    -    -                                               713-491-6064

                                         DEFENDANT

NAME _____                    ATTORNEY _____

COLE,CARL J.                   D                          WILKES,JASON
1326 ARTHUR ST                                           750 N. SAINT PAUL STREET, SUIT
HUTCHINSON, KS 67501                                     DALLAS TX 75201
                                                         214-379-6900
    -    -

MIES & SONS TRUCKING, LLC      D
19620 WEST 85TH STREET NORTH
COLWICH, KS 67030

                              _____

TRANSACTIONS FOR ALL PARTIES                          /  /     THRU   /  /

08/06/2021              PLAINTIFFS'ORIGINAL PETITION/MM                        I     9
COATS,DAKOTA LANE
08/06/2021              CHARGES ASSESSED BY EFILE                 349.00-
COATS,DAKOTA LANE       EFILE ENVELOPE ID:56070540
08/06/2021              PAYMENT RECEIVED THRU EFILE               349.00
COATS,DAKOTA LANE       EFILE SUBMITTER ID: MILAN,ESBEIDY COURT ID: HOPKIN
08/06/2021              OUT OF COUNTY CITATION ISSUED TO BE SERVED BY         I     1
COATS,DAKOTA LANE       REGISTERED AGENT/ MIES&SONS TRUCKING/MM
08/09/2021              OUT OF COUNTY CITATION ISSUED TO BE SERVED BY         I     1
COATS,DAKOTA LANE       REGISTERED AGENT/COLE,CARL/MM
08/09/2021              EMAILS REGARDING CITATION ISSUANCE EMAILED TO         I     2
COATS,DAKOTA LANE       EMILAN@ZEHLLAW.COM/MM
09/08/2021              AFFIDAVIT OF SERVICE/COLE,CARL                        I     1
COATS,DAKOTA LANE       SERVED 8/27/2021 /MM
09/17/2021              DEFENDANT ANSWER TO PLAINTIFF ORIGINAL PETITION/MM    I     3
COLE,CARL J.

A CERTIFIED COPY

ATTEST: _____
CHERYL FULCHER, DISTRICT CLERK
HOPKINS COUNTY, TEXAS

BY Madison McCann DEPUTY
DATE: 09/24/2021

A Certified Copy
ATTESTED:
District Clerk
Hopkins County, TX
Page  1  of  1

HOPKINS COUNTY
DISTRICT CLERK'S CERTIFICATION


THE STATE OF TEXAS:

COUNTY OF HOPKINS:

I, Cheryl Fulcher, District Clerk of 62ND JUDICIAL DISTRICT of Hopkins County, Texas do hereby certify that the foregoing page(s) contain a true and correct copy of all proceedings in Cause: CV44779,

DAKOTA LANE COATS AND
ROBERTA GAYNELLE HILL

Vs.

MIES & SONS TRUCKING, LLC
AND CARL J. COLE


As shown by index hereof.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT at Office in Sulphur Springs, Texas,  24th day of September, 2021.


Cheryl Fulcher
District Clerk
Hopkins County, Texas

BY: , Deputy

# Exhibit 2

Filed 8/6/2021 11:12 AM
Cheryl Fulcher
District Clerk
Hopkins County, Texas

Madison McCarrier

CAUSE NO. CV44779 _____

| | | |
|---|---|---|
| DAKOTA LANE COATS and | § | IN THE DISTRICT COURT OF |
| ROBERTA GAYNELLE HILL, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HOPKINS COUNTY, TEXAS |
| | § | |
| MIES & SONS TRUCKING, LLC. and | § | |
| CARL J. COLE, | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Dakota Lane Coats and Roberta Gaynelle Hill, file this their Original Petition, complaining of the acts and omissions of Defendants, Mies & Sons Trucking, LLC and Carl J. Cole and will respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1.      Plaintiffs request that discovery in this matter be conducted under Level 3 of the Texas Rules of Civil Procedure.

### II.
### PARTIES & SERVICE

2.      Plaintiff, Dakota Lane Coats, is an individual and resident of Bloomburg, Cass County, Texas.  The last three digits of Mr. Coats' driver license are 049. He may be reached through his undersigned counsel at ZEHL & ASSOCIATES, PC.

3.      Plaintiff, Roberta Gaynelle Hill, is an individual and resident of Bloomburg, Cass County, Texas.  She may be reached through her undersigned counsel at ZEHL & ASSOCIATES, PC.

4.      Defendant, Mies & Sons Trucking, LLC, is a Foreign Limited Liability corporation with its headquarters and principal place of business located at 19620 West 85th Street North, Colwich, Kansas 67030. Pursuant to § 17.044 of Texas Civil Practice and Remedies Code, the Texas Secretary of State is Defendant Mies & Sons Trucking, LLC's agent for service of process. Defendant Mies & Sons Trucking, LLC may be served through the Texas Secretary of State through its registered agent, Cathy Mies, 19620 West 85th Street North, Colwich, Kansas 67030.

5.      Defendant, Carl J. Cole, with the last three digits of his driver's license being 663 is an individual and resident of Hutchinson, Reno County, Kansas. Defendant Carl J. Cole resides at 1326 Arthur St., Hutchinson, Reno County, Kansas 67501. Pursuant to § 17.061 of The Texas Civil Practice and Remedies Code, the Chair of the Texas Transportation Commission is the agent for Defendant Carl J. Cole. Plaintiffs request a citation.

### III.
### JURISDICTION & VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      This Court has personal jurisdiction over Defendants because all or a substantial part of the events giving rise to this dispute occurred within the State of Texas. Defendants do business in the State of Texas. And, under § 17.042 of the Texas Civil Practice and Remedies Code, they committed a tort in the State of Texas. Beyond other acts that may constitute "doing business," a nonresident does business in the State of Texas if the nonresident commits a tort in whole or in part in the State of Texas. *See* Tex. Civ. Prac. & Rem. Code § 17.042 (2).

8.      So, because they engaged in acts that constitute "doing business" in the State of Texas, which purposefully established their contacts with the State of Texas, there is personal jurisdiction over Defendants. In no way will the assumption of jurisdiction Defendants offend traditional notions of fair play and substantial justice.

9.      In additional to other acts that may constitute "doing business," a nonresident does business in the State of Texas if the nonresident commits a tort in whole or in part in the State of Texas. *See* Tex. Civ. Prac. & Rem. Code § 17.042 (2). By negligently injuring Plaintiffs, Defendants committed a tort in the State of Texas.

10.     Venue is proper and maintainable in Hopkins County, Texas, under § 15.002(a)(3) of the Texas Civil Practice and Remedies Code because it is where the tort occurred.

**IV.**
**FACTS**

11.     On May 24, 2020, at approximately 10:28 p.m., Plaintiffs Dakota Lane Coats and Roberta Gaynelle Hill, were traveling on Interstate 30 in Cumby, Hopkins County, Texas. At the same time Defendant, Carl J. Cole, was operating a commercial vehicle, leased, and/or controlled by Defendant Mies & Sons Trucking, LLC also traveling on Interstate 30.  Defendant Carl J. Cole failed to maintain a single lane and struck Plaintiffs' vehicle with a tremendous force. As a result, Plaintiffs suffered serious personal injuries.

**V.**
**NEGLIGENCE AGAINST CARL J. COLE**

12.     Plaintiffs would show that Defendant, Carl J. Cole, was the driver of a commercial vehicle operated for profit.  Defendant had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

13.     The negligent, careless, and reckless disregard of this duty consisted of, but is not limited to, the following acts and omissions:

      a.      In failing to maintain a single lane;

      b.      In failing to yield the right of way;

    c.      In operating the vehicle he was driving in a reckless manner;

    d.      In failing to keep a proper lookout;

    e.      In being distracted;

    f.      In failing to comply with the Texas Transportation Code, including, but not limited to, § 545.363, and the Federal Motor Carrier Safety Regulations, including, but not limited to, 49 C.F.R. § 392.22;

    g.      Failure to use care that would have been exercised by a person of ordinary prudence under the same or similar circumstances; and

    h.      Such additional acts of negligence, which will be established as the case progresses.

14.    Plaintiffs' injuries were proximately caused by Defendants' negligent, careless and reckless disregard of this duty.

**VI.**
**VICARIOUS LIABILITY**
**AGAINST MIES & SONS TRUCKING, LLC**

15.    At the time of the occurrence of the act in question and immediately prior thereto, Defendant Carl J. Cole was within the course and scope of employment for Defendant Mies & Sons Trucking, LLC.

16.    At the time of the occurrence of the act in question and immediately prior thereto, Defendant Carl J. Cole was engaged in the furtherance of the business of the Defendant Mies & Sons Trucking, LLC.

17.    At the time of the occurrence of the act in question and immediately prior thereto, Defendant Carl J. Cole was engaged in accomplishing a task for which he was employed by Defendant Mies & Sons Trucking, LLC.

18.    Additionally, or alternatively, at the time of the occurrence of the act in question and immediately prior thereto, Defendant Carl J. Cole was a statutory employee of Defendant Mies

& Sons Trucking, LLC, under 49 C.F.R. §§ 376.11–.12, 390.5 *et seq.*, 37 TEX. ADMIN. CODE § 4.11 *et seq.*, and other applicable law.

19.     Therefore, under the doctrine of respondeat superior, Defendant Mies & Sons Trucking, LLC is vicariously liable for Defendant Cole's conduct, further outlined elsewhere in this petition and incorporated by reference here fully.

## VII.
## NEGLIGENCE AGAINST DEFENDANT MIES & SONS TRUCKING, LLC

20.     Mies & Sons Trucking, LLC owed Plaintiffs a duty to use ordinary care in hiring, training, supervising and retaining Carl J. Cole. Mies & Sons Trucking, LLC knew or should have known that Defendant Carl J. Cole was unfit, incompetent, and/or reckless and that his employment created an unreasonable risk of harm to Plaintiffs and others.  Mies & Sons Trucking, LLC failed to use ordinary care in hiring, training, supervising and retaining Carl J. Cole.

21.     Mies & Sons Trucking, LLC additionally owed a duty to Plaintiffs to use ordinary care in entrusting the vehicle to Carl J. Cole. On the date of the incident in question, Defendant Mies & Sons Trucking, LLC had control of the vehicle operated by Defendant Carl J. Cole and had entrusted it to him when they knew, or through the exercise of reasonable care should have known, that Defendant Carl J. Cole was an incompetent, unfit, and/or reckless driver.

22.     Because Defendant Carl J. Cole's negligence was the proximate cause of Plaintiffs' damages, and Mies & Sons Trucking, LLC negligently hired, trained, supervised, retained, and entrusted Mr. Thompson with the vehicle involved in the collision in question, Mies & Sons Trucking, LLC is directly liable to Plaintiffs for negligent hiring, training, supervision, retention and entrustment.

23.     Mies & Sons Trucking, LLC negligent acts and omissions also include the following:

a.  At the time and on the occasion in question, Defendant Cole was in the course and scope of his employment with Defendant Mies & Sons Trucking, LLC by virtue of the theory of respondeat superior, Defendant Mies & Sons Trucking, LLC is liable for all acts and omissions of negligence of its agent, employee, or representative, Defendant Carl J. Cole;

b.  Negligently entrusting the vehicle to Defendant Carl J. Cole when Defendant Mies & Sons Trucking, LLC knew or should have known that Defendant Cole was an incompetent and unfit driver, unqualified to drive a commercial motor vehicle, inadequately trained, and/or reckless;

c.  Negligently hiring and entrusting incompetent drivers, including Defendant Cole, with the right to operate a commercial motor vehicle;

d.  Negligently failing to properly train Defendant Cole in the operation of the vehicle in question;

e.  Negligently supervising Defendant Cole;

f.  Negligently retaining Defendant Cole;

g.  Failing to do what a reasonably prudent employer would do under the same and similar circumstances;

h.  Failing to exercise reasonable care in completing the undertaking of providing a competent fit driver who was properly trained and supervised;

i.  Failing to comply with the Texas Transportation Code;

j.  Failing to exercise reasonable care in completing the undertaking of providing and enforcing adequate policies and procedures regarding driver safety, motor carrier safety, and motoring public safety at Mies & Sons Trucking, LLC and to driver safety, motor carrier safety, and motoring public safety at Mies & Sons Trucking, LLC which resulted in an increased risk of harm to Plaintiffs;

k.  Failing to create, enforce and otherwise adhere to policies for driver qualification and driver training for its employees before issuing them company vehicles for use on public roadways; and

l.  Such other acts of negligence, which will be established as the case progresses.

## VIII.
## GROSS NEGLIGENCE AGAINST ALL DEFENDANTS

24.     Plaintiffs would further show, these acts and omissions, when viewed from the standpoint of Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risks of their conduct, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

25.     Plaintiffs would further show that the injuries and damages that Plaintiffs sustained in the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, drivers, officers, and representatives in the course of employment for said Defendants.

26.     As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## IX.
## DAMAGES

27.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs, Dakota Lane Coats and Roberta Gaynelle Hill, have suffered severe injuries and incurred and seek the following damages:

    a.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the crash complained of herein and such charges are reasonable and were usual and customary charges for such services;

    b.    Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

    c.    Physical pain and suffering in the past;

    d.    Physical pain and suffering that will, in all reasonable probability, be suffered in the future;

e.      Physical impairment in the past;

f.      Physical impairment which, in all reasonable probability, will be suffered in the future;

g.      Mental anguish in the past;

h.      Mental anguish which, in all reasonable probability, will be suffered in the future;

i.      Disfigurement in the past and future;

j.      Cost of medical monitoring and prevention in the future;

k.      Exemplary damages; and

l.      Any and all other damages to which Plaintiffs shows entitlement in law or equity through the course of this proceeding.

## X.
## RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

28.      Plaintiffs prefer to have the jury determine the fair amount of compensation for Plaintiffs' damages.  It is too early in the case to be assessing the full nature and scope of Plaintiffs' injuries, and Plaintiffs place the decision regarding the amount of compensation to be awarded in the jury's hands.  Rule 47 of the Texas Rules of Civil Procedure, however, *requires* Plaintiffs to provide a statement regarding the amount of monetary relief sought.  Accordingly, Plaintiffs state that monetary relief of over $1,000,000, in amount to be determined by the jury, is being sought.

## XI.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

29.      Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby give notice that they intend to use all discovery instruments produced in this case at trial.  Such discovery instruments include, but are not limited to, all documents Defendants have produced in response to Plaintiffs' written discovery requests.

## XII.
## REQUEST FOR JURY TRIAL

30.     Plaintiffs hereby request a jury trial on this matter and have or will pay the appropriate jury fee.

### CONCLUSION & PRAYER

For these reasons, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and, upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; together with exemplary damages; pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which the Court determines Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

/s/ *Matthew Greenberg*
Ryan H. Zehl
Texas State Bar No. 24047166
rzehl@zehllaw.com
Matthew O. Greenberg
Texas State Bar No. 24090136
mgreenberg@zehllaw.com
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone: (713) 491-6064
Fax: (713) 583-8545

**ATTORNEYS FOR PLAINTIFFS**

# Exhibit 3

**AFFIDAVIT OF SERVICE**

| Case: 2021.08.583029 | Court: District Court Hopkins County | County: Hopkins, Tx | Job: 6083786 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Dakota Lane Coats, Roberta Gaynelle Hill | | **Defendant / Respondent:** Carl J Cole | |
| **Received by:** Pro Serve Process Serving | | **For:** Court Records Research Inc | |
| **To be served upon:** Carl J Cole | | | |

I, Matt Robson, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Carl J Cole, 4051 N Ridge Rd, Wichita, KS 67205

**Manner of Service:**   Personal/Individual, Aug 27, 2021, 9:06 am CDT

**Documents:**   Citationand Original Petition

**Additional Comments:**
1) Successful Attempt: Aug 27, 2021, 9:06 am CDT at 4051 N Ridge Rd, Wichita, KS 67205 received by Carl J Cole. Ethnicity: Caucasian; Gender: Male; Hair: Bald;

_____   09/03/2021
Matt Robson                                    **Date**

Pro Serve Process Serving
P.O. Box 47064
Wichita, Ks 67201
316-570-3871

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
**Notary Public**

9/3/21                        July 8, 2025
**Date**              **Commission Expires**

ROBINETT M. ROBSON
Notary Public - State of Kansas
My Appt. Expires 7/8/25

Exhibit 4

CAUSE NO. CV44779

| | | |
|---|---|---|
| **DAKOTA LANE COATS and ROBERTA GAYNELLE HILL,** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § | |
| **v.** | § § | **HOPKINS COUNTY, TEXAS** |
| **MIES & SONS TRUCKING, LLC and CARL J. COLE,** | § § § | |
| *Defendants.* | § § | **62ND JUDICIAL DISTRICT** |

## DEFENDANTS' ANSWER TO PLAINTIFFS' ORIGINAL PETITION

NOW COME, Mies & Sons Trucking, LLC and Carl J. Cole ("Defendants"), Defendants in the above styled cause and file this their Original Answer and for such respectfully shows this Court as follows:

### I.
### GENERAL DENIAL

1.     Defendants deny each and every, all and singular, the material allegations contained within the Original Petition filed by Plaintiffs and demands strict proof thereof in accordance with the Texas Rules of Civil Procedure.

### PRAYER

Defendants pray that Plaintiffs take nothing by this lawsuit and for such other and further relief, both general and special, at law and in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

**MAYER LLP**
750 N. Saint Paul, Suite 700
Dallas, Texas 75201
214-379-6900 / Fax 214-379-6939

By: */s/ Jason Wilkes*
    Zach T. Mayer
    State Bar No. 24013118
    zmayer@mayerllp.com
    Jason Wilkes
    State Bar No. 24093368
    jwilkes@mayerllp.com
    Charles "Chas" Carter
    State Bar No. 24095983
    ccarter@mayerllp.com

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on September 17, 2021, a true and correct copy of the foregoing has been forwarded to Plaintiffs' counsel as follows:

**Via E-Service:**
Ryan H. Zehl
Matthew O. Greenberg
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
rzehl@zehllaw.com
mgreenberg@zehllaw.com

          */s/ Jason Wilkes*
            Jason Wilkes

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa Henson on behalf of Jason Wilkes
Bar No. 24093368
lhenson@mayerllp.com
Envelope ID: 57363797
Status as of 9/20/2021 8:20 AM CST

Associated Case Party: DAKOTA LANECOATS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Matthew O.Greenberg | | mgreenberg@zehllaw.com | 9/17/2021 1:59:49 PM | SENT |
| Ryan H.Zehl | | eservice@zehllaw.com | 9/17/2021 1:59:49 PM | SENT |
| Esbeidy Milan | | emilan@zehllaw.com | 9/17/2021 1:59:49 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Elizabeth Trevino | | etrevino@mayerllp.com | 9/17/2021 1:59:49 PM | SENT |

Associated Case Party: CARL J. COLE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Zach Mayer | | zmayer@mayerllp.com | 9/17/2021 1:59:49 PM | SENT |
| Jason Wilkes | | jwilkes@mayerllp.com | 9/17/2021 1:59:49 PM | SENT |
| Charles Carter | | ccarter@mayerllp.com | 9/17/2021 1:59:49 PM | SENT |