Filed 8/6/2021 11:12 AM
Cheryl Fulcher
District Clerk
Hopkins County, Texas

Madison McCarrier

CAUSE NO. CV44779 _____

| | | |
|---|---|---|
| DAKOTA LANE COATS and ROBERTA GAYNELLE HILL, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § § | |
| v. | § § | HOPKINS COUNTY, TEXAS |
| MIES & SONS TRUCKING, LLC. and CARL J. COLE, | § § § | |
| *Defendants*. | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Dakota Lane Coats and Roberta Gaynelle Hill, file this their Original Petition, complaining of the acts and omissions of Defendants, Mies & Sons Trucking, LLC and Carl J. Cole and will respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1.     Plaintiffs request that discovery in this matter be conducted under Level 3 of the Texas Rules of Civil Procedure.

### II.
### PARTIES & SERVICE

2.     Plaintiff, Dakota Lane Coats, is an individual and resident of Bloomburg, Cass County, Texas.  The last three digits of Mr. Coats' driver license are 049. He may be reached through his undersigned counsel at ZEHL & ASSOCIATES, PC.

3.     Plaintiff, Roberta Gaynelle Hill, is an individual and resident of Bloomburg, Cass County, Texas.  She may be reached through her undersigned counsel at ZEHL & ASSOCIATES, PC.

PAGE 1

4.      Defendant, Mies & Sons Trucking, LLC, is a Foreign Limited Liability corporation with its headquarters and principal place of business located at 19620 West 85th Street North, Colwich, Kansas 67030. Pursuant to § 17.044 of Texas Civil Practice and Remedies Code, the Texas Secretary of State is Defendant Mies & Sons Trucking, LLC's agent for service of process. Defendant Mies & Sons Trucking, LLC may be served through the Texas Secretary of State through its registered agent, Cathy Mies, 19620 West 85th Street North, Colwich, Kansas 67030.

5.      Defendant, Carl J. Cole, with the last three digits of his driver's license being 663 is an individual and resident of Hutchinson, Reno County, Kansas. Defendant Carl J. Cole resides at 1326 Arthur St., Hutchinson, Reno County, Kansas 67501. Pursuant to § 17.061 of The Texas Civil Practice and Remedies Code, the Chair of the Texas Transportation Commission is the agent for Defendant Carl J. Cole. Plaintiffs request a citation.

### III.
### JURISDICTION & VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      This Court has personal jurisdiction over Defendants because all or a substantial part of the events giving rise to this dispute occurred within the State of Texas. Defendants do business in the State of Texas. And, under § 17.042 of the Texas Civil Practice and Remedies Code, they committed a tort in the State of Texas. Beyond other acts that may constitute "doing business," a nonresident does business in the State of Texas if the nonresident commits a tort in whole or in part in the State of Texas. *See* Tex. Civ. Prac. & Rem. Code § 17.042 (2).

8.      So, because they engaged in acts that constitute "doing business" in the State of Texas, which purposefully established their contacts with the State of Texas, there is personal jurisdiction over Defendants. In no way will the assumption of jurisdiction Defendants offend traditional notions of fair play and substantial justice.

PAGE 2

9.      In additional to other acts that may constitute "doing business," a nonresident does business in the State of Texas if the nonresident commits a tort in whole or in part in the State of Texas. *See* Tex. Civ. Prac. & Rem. Code § 17.042 (2). By negligently injuring Plaintiffs, Defendants committed a tort in the State of Texas.

10.     Venue is proper and maintainable in Hopkins County, Texas, under § 15.002(a)(3) of the Texas Civil Practice and Remedies Code because it is where the tort occurred.

## IV.
## FACTS

11.     On May 24, 2020, at approximately 10:28 p.m., Plaintiffs Dakota Lane Coats and Roberta Gaynelle Hill, were traveling on Interstate 30 in Cumby, Hopkins County, Texas. At the same time Defendant, Carl J. Cole, was operating a commercial vehicle, leased, and/or controlled by Defendant Mies & Sons Trucking, LLC also traveling on Interstate 30. Defendant Carl J. Cole failed to maintain a single lane and struck Plaintiffs' vehicle with a tremendous force. As a result, Plaintiffs suffered serious personal injuries.

## V.
## NEGLIGENCE AGAINST CARL J. COLE

12.     Plaintiffs would show that Defendant, Carl J. Cole, was the driver of a commercial vehicle operated for profit. Defendant had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

13.     The negligent, careless, and reckless disregard of this duty consisted of, but is not limited to, the following acts and omissions:

    a.      In failing to maintain a single lane;

    b.      In failing to yield the right of way;

    c.      In operating the vehicle he was driving in a reckless manner;

    d.      In failing to keep a proper lookout;

    e.      In being distracted;

    f.      In failing to comply with the Texas Transportation Code, including, but not limited to, § 545.363, and the Federal Motor Carrier Safety Regulations, including, but not limited to, 49 C.F.R. § 392.22;

    g.      Failure to use care that would have been exercised by a person of ordinary prudence under the same or similar circumstances; and

    h.      Such additional acts of negligence, which will be established as the case progresses.

14.     Plaintiffs' injuries were proximately caused by Defendants' negligent, careless and reckless disregard of this duty.

## VI.
## VICARIOUS LIABILITY
## AGAINST MIES & SONS TRUCKING, LLC

15.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Carl J. Cole was within the course and scope of employment for Defendant Mies & Sons Trucking, LLC.

16.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Carl J. Cole was engaged in the furtherance of the business of the Defendant Mies & Sons Trucking, LLC.

17.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Carl J. Cole was engaged in accomplishing a task for which he was employed by Defendant Mies & Sons Trucking, LLC.

18.     Additionally, or alternatively, at the time of the occurrence of the act in question and immediately prior thereto, Defendant Carl J. Cole was a statutory employee of Defendant Mies

& Sons Trucking, LLC, under 49 C.F.R. §§ 376.11–.12, 390.5 *et seq.*, 37 TEX. ADMIN. CODE § 4.11 *et seq.*, and other applicable law.

19.     Therefore, under the doctrine of respondeat superior, Defendant Mies & Sons Trucking, LLC is vicariously liable for Defendant Cole's conduct, further outlined elsewhere in this petition and incorporated by reference here fully.

## VII.
## NEGLIGENCE AGAINST DEFENDANT MIES & SONS TRUCKING, LLC

20.     Mies & Sons Trucking, LLC owed Plaintiffs a duty to use ordinary care in hiring, training, supervising and retaining Carl J. Cole. Mies & Sons Trucking, LLC knew or should have known that Defendant Carl J. Cole was unfit, incompetent, and/or reckless and that his employment created an unreasonable risk of harm to Plaintiffs and others.  Mies & Sons Trucking, LLC failed to use ordinary care in hiring, training, supervising and retaining Carl J. Cole.

21.     Mies & Sons Trucking, LLC additionally owed a duty to Plaintiffs to use ordinary care in entrusting the vehicle to Carl J. Cole. On the date of the incident in question, Defendant Mies & Sons Trucking, LLC had control of the vehicle operated by Defendant Carl J. Cole and had entrusted it to him when they knew, or through the exercise of reasonable care should have known, that Defendant Carl J. Cole was an incompetent, unfit, and/or reckless driver.

22.     Because Defendant Carl J. Cole's negligence was the proximate cause of Plaintiffs' damages, and Mies & Sons Trucking, LLC negligently hired, trained, supervised, retained, and entrusted Mr. Thompson with the vehicle involved in the collision in question, Mies & Sons Trucking, LLC is directly liable to Plaintiffs for negligent hiring, training, supervision, retention and entrustment.

23.     Mies & Sons Trucking, LLC negligent acts and omissions also include the following:

a. At the time and on the occasion in question, Defendant Cole was in the course and scope of his employment with Defendant Mies & Sons Trucking, LLC by virtue of the theory of respondeat superior, Defendant Mies & Sons Trucking, LLC is liable for all acts and omissions of negligence of its agent, employee, or representative, Defendant Carl J. Cole;

b. Negligently entrusting the vehicle to Defendant Carl J. Cole when Defendant Mies & Sons Trucking, LLC knew or should have known that Defendant Cole was an incompetent and unfit driver, unqualified to drive a commercial motor vehicle, inadequately trained, and/or reckless;

c. Negligently hiring and entrusting incompetent drivers, including Defendant Cole, with the right to operate a commercial motor vehicle;

d. Negligently failing to properly train Defendant Cole in the operation of the vehicle in question;

e. Negligently supervising Defendant Cole;

f. Negligently retaining Defendant Cole;

g. Failing to do what a reasonably prudent employer would do under the same and similar circumstances;

h. Failing to exercise reasonable care in completing the undertaking of providing a competent fit driver who was properly trained and supervised;

i. Failing to comply with the Texas Transportation Code;

j. Failing to exercise reasonable care in completing the undertaking of providing and enforcing adequate policies and procedures regarding driver safety, motor carrier safety, and motoring public safety at Mies & Sons Trucking, LLC and to driver safety, motor carrier safety, and motoring public safety at Mies & Sons Trucking, LLC which resulted in an increased risk of harm to Plaintiffs;

k. Failing to create, enforce and otherwise adhere to policies for driver qualification and driver training for its employees before issuing them company vehicles for use on public roadways; and

l. Such other acts of negligence, which will be established as the case progresses.

## VIII.
## GROSS NEGLIGENCE AGAINST ALL DEFENDANTS

24.     Plaintiffs would further show, these acts and omissions, when viewed from the standpoint of Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risks of their conduct, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

25.     Plaintiffs would further show that the injuries and damages that Plaintiffs sustained in the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, drivers, officers, and representatives in the course of employment for said Defendants.

26.     As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## IX.
## DAMAGES

27.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs, Dakota Lane Coats and Roberta Gaynelle Hill, have suffered severe injuries and incurred and seek the following damages:

a.      Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the crash complained of herein and such charges are reasonable and were usual and customary charges for such services;

b.      Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

c.      Physical pain and suffering in the past;

d.      Physical pain and suffering that will, in all reasonable probability, be suffered in the future;

e. Physical impairment in the past;

f. Physical impairment which, in all reasonable probability, will be suffered in the future;

g. Mental anguish in the past;

h. Mental anguish which, in all reasonable probability, will be suffered in the future;

i. Disfigurement in the past and future;

j. Cost of medical monitoring and prevention in the future;

k. Exemplary damages; and

l. Any and all other damages to which Plaintiffs shows entitlement in law or equity through the course of this proceeding.

## X.
## RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

28. Plaintiffs prefer to have the jury determine the fair amount of compensation for Plaintiffs' damages. It is too early in the case to be assessing the full nature and scope of Plaintiffs' injuries, and Plaintiffs place the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rules of Civil Procedure, however, *requires* Plaintiffs to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiffs state that monetary relief of over $1,000,000, in amount to be determined by the jury, is being sought.

## XI.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

29. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby give notice that they intend to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants have produced in response to Plaintiffs' written discovery requests.

PAGE 8

## XII.
## REQUEST FOR JURY TRIAL

30.     Plaintiffs hereby request a jury trial on this matter and have or will pay the appropriate jury fee.

### CONCLUSION & PRAYER

For these reasons, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and, upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; together with exemplary damages; pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which the Court determines Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

/s/ *Matthew Greenberg*
Ryan H. Zehl
Texas State Bar No. 24047166
rzehl@zehllaw.com
Matthew O. Greenberg
Texas State Bar No. 24090136
mgreenberg@zehllaw.com
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone: (713) 491-6064
Fax: (713) 583-8545

**ATTORNEYS FOR PLAINTIFFS**